### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                               No. CR 11-1878 JB

BRIAN V. STACY,

    Defendant.

### UNSEALED MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on the Plaintiff's Opposed Motion to Continue Trial, filed March 1, 2013 (Doc. 77)("Motion to Continue"). The Court held a hearing on March 5, 2013. The primary issue is whether the Court should vacate and continue the March 18, 2013 trial setting. The Court will deny the motion. The Court finds that, because Defendant Brian V. Stacy opposes the Motion to Continue, has been incarcerated pretrial for nineteen months, and is willing to stipulate to many of the facts for which Plaintiff United States of America would otherwise need the testimony of an unavailable witness, the interests of the public and Stacy's interests counsel in favor of denying the Motion to Continue, and in holding the trial beginning March 18, 2013.

---

[1] In its Sealed Memorandum Opinion and Order, filed March 21, 2013 (Doc. 118)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties ten calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF, the Court's case management/electronic filing system, to indicate that they have any proposed redactions. Consequently, the Court is now refiling the Sealed MOO in an unsealed form.

**FACTUAL BACKGROUND**

Stacy is charged with Threatening a United States Judge and Threat to Injure a Person Transmitted Through Interstate Commerce, based on an electronic mail transmission that he allegedly sent to the Honorable John E. Conway, Senior United States District Court Judge for the District of New Mexico, on June 12, 2011.  See Indictment at 1-2, filed July 13, 2011 (Doc. 14); Motion to Continue ¶ 1, at 1.  On March 5, 2013, Stacy was found competent to stand trial, as he is not suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings filed against him, or to assist properly in his own defense. See Transcript of Hearing (taken Mar. 5, 2013) at 3:25-4:8 (Court).[2]

**PROCEDURAL BACKGROUND**

The Indictment was entered on July 13, 2011, charging Stacy with: (i) Count 1 - Threatening a United States Judge in violation of 18 U.S.C. § 115(a)(1)(B); and (ii) Threat to Injure a Person Transmitted Through Interstate Communications in violation of 18 U.S.C. § 875(c).  See Indictment at 1-2.  On August 8, 2011, the Court entered a notice of hearing, advising the parties that Stacy's trial was set for September 12, 2011, at 9:00 a.m. on a trailing docket.  See Doc. 21.  On September 1, 2011, Stacy submitted his Unopposed Motion to Continue Trial (Doc. 23), which the Court granted on September 6, 2011.  See Order Granting Continuance of September 12, 2011 Trial (Doc. 24).

On October 12, 2011, Stacy filed his Sealed Unopposed Motion to Determine Competency (Doc. 25), moving the Court to order a local psychiatric evaluation of him to determine his

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcripts may contain slightly different page and/or line numbers.


competency.  See Unopposed Motion to Determine Competency at 1.  The Court held a hearing on this motion on October 20, 2011, see Clerk's Minutes, filed October 20, 2011 (Doc. 29), and on October 31, 2011, the Court granted Stacy's Sealed Unopposed Motion to Determine Competency, ordered the performance of a psychiatric competency evaluation of Stacy, and stayed further proceedings in the case until the court entered a finding that Stacy is competent to stand trial.  See Sealed Unopposed Order for Evaluation of Mental Competency, filed October 31, 2011 (Doc. 40).  On December 30, 2011, the forensic psychological report regarding Stacy's competency to stand trial was filed with the Court, in which Eric Westfried, Ph.D., a clinical psychologist, concluded that Stacy was suffering from bipolar disorder with psychotic features, preventing him from being able to "rationally assist in his own defense."  Forensic Psychological Competence to Stand Trial Evaluation Report at 2 (Doc. 48).  On February 9, 2012, the Court issued a Sealed Memorandum Opinion and Order, in which it found Stacy incompetent to stand trial, and granted Plaintiff United States of America's request to "commit Stacy to the Attorney General's custody for further mental examination for a period not to exceed four months."  Sealed Memorandum Opinion and Order at 1 (Doc. 52).

Between the Court's first continuance of the trial on September 6, 2011, and the Court's finding that Stacy is competent to stand trial at the March 5, 2013, hearing, the Court granted the parties' motions to continue the trial twelve times.  The United States' Motion to Continue here is thus requesting that the Court continue Stacy's trial a fourteenth time.  Notably, however, this motion is the first opposed motion to continue a trial setting.

In its Motion to Continue, the United States requests a four-week continuance of Stacy's trial "based on the unavailability of an essential witness" and "submits that the opposed

continuance is appropriate . . . pursuant to 18 U.S.C. § 3161(3)(A)."  Motion to Continue ¶ 2, at 1. The United States asserts: "The ends of justice that would be served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial given that an essential witness is unavailable. The opposed continuance sought by the government is appropriate under 18 U.S.C. § 3161(h)(3)(A)."  Motion to Continue ¶ 4 at 1-2 (citing United States v. Toombs, 574 F.3d 1262, 1268-69 (10th Cir. 2009)).  Although Stacy did not file a written response opposing the Motion to Continue, the United States noted Stacy's opposition to the motion in paragraph 5.  See Motion to Continue ¶ 5, at 2.

At the Court's hearing on the Motion to Continue on March 5, 2013, the United States first discussed on the record the plea agreement that it had offered to Stacy.  See Tr. at 5:21-6:9 (Pimsner).  The United States stated that it offered, in exchange for Stacy's guilty plea as to Count 1, "threatening the federal judge in retaliation for performance of its official duties," the United States would have stipulated to a time-served sentence with three years' of supervised release. Tr. at 5:23-6:2 (Pimsner).  The United States, in relation to its Motion to Continue, asserted that, in preparation for trial, while attempting to reach potential witnesses to testify during its case-in-chief, the United States was informed that Judge Conway has been diagnosed with a serious health issue, is currently undergoing treatment, and will not be available for the March 18, 2013 trial date.  See Tr. at 7:1-7 (Pimsner).  The Court asked whether the elements of the crimes with which Stacy is charged require the victim's testimony as essential to Stacy's conviction.  See Tr. at 7:12-16 (Court).  The United States responded that it must prove beyond a reasonable doubt that it was "a true threat" and that the threat was in retaliation for Judge Conway's performance of his official duties, and thus "the victim's . . . receipt . . . [and] how this matter was taken seriously

when the threat came in is important . . . ." Tr. at 7:17-25 (Pimsner).  The United States conceded, however, that, if it "was forced to proceed to trial without him as a witness," it could still prove its case beyond a reasonable doubt, but that it would require the United States to "find alternative ways to identify Mr. Stacy as being the individual that was part of those proceedings in front of [] Judge Conway."  Tr. at 8:6-11 (Pimsner).

      The Court asked Stacy, because it appears Judge Conway's presence at trial is not essential to prove any element of the crime, and because it also appears that many of the facts to which he would testify Stacy does not contest, whether Stacy would stipulate to certain facts so as to allow the case to proceed to trial without his presence.  See Tr. at 8:24-4 (Court).  Stacy responded that he agreed Judge Conway is not essential, and would stipulate to the following: (i) Judge Conway presided over his 2006 trial; (ii) Judge Conway "is one and the same" Judge Conway which received his threatening emails; and (iii) whoever sent the emails sent the emails to Judge Conway's email address.  See Tr. at 9:5-14 (Baiamonte).  Stacy asserted further that he is not stipulating to who authored the threatening emails, but would stipulate that Judge Conway, a "United States judge in the execution and performance of his or her duties did receive a threatening e-mail from somebody on the date that's listed in . . . [the] Indictment."  Tr. at 9:14-19 (Baiamonte).  The Court asked whether cross-examination of Judge Conway is essential to Stacy's defense.  See Tr. at 9:20-22 (Court).  Stacy responded that cross-examining Judge Conway was never an essential part of his defense, because he believes that the United States could get elsewhere all of the essential facts which Judge Conway would provide, and because he does not contest those facts as part of his defense.  See Tr. at 9:23-10:7 (Baiamonte, Court).  Stacy pointed out that he is mindful and respectful of Judge Conway's hardship, but that he has been

incarcerated for a long time without a trial, and he believes that the trial can still proceed on March 18, 2013, without Judge Conway, based on the stipulations that he will provide to the United States. See Tr. at 10:8-15 (Baiamonte). In response to the Court's inquiry how long he has been incarcerated, Stacy responded that he has been incarcerated for nineteen months. See Tr. at 10:16-17 (Court, Baiamonte). Stacy asserted that, whereas the United States offered him a guilty plea in exchange for a time-served sentence, he may be willing to reach "a possible middle ground" and to continue his trial if the United States agrees to release him from custody immediately and up until the trial. Tr. at 10:17-25 (Baiamonte). Stacy argued that, if the United States is comfortable with a time-served sentence and release to society, without further incarceration, it should feel comfortable with letting him out pending trial. See id. His fear is that, if the Court continues the March 18, 2013, trial date, the United States and Stacy will be in the same position again in a month asking for a continuance again because of the alleged victim's continuing hardship in testifying. See Tr. at 11:16-19 (Baiamonte).

The Court asked the United States what it would do about Judge Conway's testimony if the Court denies its Motion to Continue. See Tr. at 11:20-24 (Court). The United States responded that it would not pursue attempting to call Judge Conway to testify, but would rather attempt to work with Stacy to stipulate to the fact that "the judge [] perceived this e-mail as a threat," so that it could proceed without calling Judge Conway as a witness. See Tr. at 11:25-12:9 (Pimsner). In response to the Court's question whether that allegation would be part of his stipulation, Stacy responded that he believes that fact would be part of his stipulation, as "that's not the basis or the core of our defense. . . . The question is . . . who sent it." Tr. at 12:12-18 (Baiamonte).

The Court asked the United States whether it would agree, as an alternative to proceeding

to trial on March 18, 2013, to releasing Stacy pre-trial under certain conditions. See Tr. at 12:22-25 (Court). The United States responded that it believed Stacy still poses a danger to others and to the community, and so it would not agree to his release from custody. See Tr. at 13:1-10 (Pimsner)("If he's released at this point we don't think there's anything that has changed the fact of the initial findings that he was a danger to the community and should be detained."). The Court asked whether the United States would agree to the Court alternatively denying the motion and allowing the United States to renew its motion if, after working on the stipulations with Stacy, it found it necessary to renew its motion. See Tr. at 13:23-14:13 (Court). The United States responded: "Yes, Your Honor that's fine thank you." Tr. at 14:14 (Pimsner). Stacy also said that he agreed to the Court's proposal. See Tr. at 14:15-17 (Court, Baiamonte).

## ANALYSIS

The United States represented to the Court that it cannot proceed to trial on March 18, 2013, because the victim is not available to testify. Stacy, however, opposes the Court granting the United States' Motion to Continue and postponing the trial for the fourteenth time, because he has already been incarcerated pretrial for nineteen months. To try to help the case proceed to trial quickly, Stacy has offered to stipulate to certain facts that the United States represents it intends to establish through Judge Conway's testimony. Stacy submits that he does not contest the lion's share of the facts that the United States' asserts it will establish through Judge Conway's testimony. He goes as far to represent that, once the United States presents to him its requested stipulations and he consults with his attorney about the stipulations, he would perhaps be willing to stipulate to all the facts Judge Conway would offer at trial. The United States agreed at the hearing on its Motion to Continue that it would attempt to work out the stipulations outside the

courtroom, and, if the stipulations prove insufficient to establish the necessary facts it would otherwise receive through Judge Conway's testimony, it would renew its Motion to Continue with the Court at that time.

Accordingly, after weighing Stacy's and the public's best interests with the ends of justice, the Court finds that denying the continuance will strike a proper balance between the ends of justice and the best interests of the public and the defendant for the reasons stated at the March 5, 2013 hearing. Specifically, Stacy's interest in a speedy trial after nineteen months of pretrial incarceration, and his willingness to stipulate to facts which would otherwise require the United States to call Judge Conway as a witness, show that the ends of justice counsel in favor of denying the Motion to Continue. See 18 U.S.C. § 3161(h)(8). The Court is concerned that, if it continues the trial one month, nothing would change, and the Court and the parties would be pressed with making the same decision again, with Stacy in custody yet another month. For Stacy's sake, this matter needs to come to a conclusion. Pursuant to the parties' agreement at the hearing, the Court will deny the United States' Motion to Continue without prejudice to it renewing its request if the parties cannot reach agreement on necessary stipulations, and will keep this case set for 9:00 a.m. on March 18, 2013, on the Court's trailing docket. All counsel and Stacy must sign the stipulations.

**IT IS ORDERED** that the Plaintiff's Opposed Motion to Continue Trial, filed March 1, 2013 (Doc. 77), is denied without prejudice to Plaintiff United States of America renewing the motion if the United States and Defendant Brian V. Stacy cannot work out the stipulations that the United States needs to fully try its case. The trial remains set for 9:00 a.m. on March 18, 2013.

                                                                           _____
                                                                           UNITED STATES DISTRICT JUDGE

*Counsel*:

John S. Leonardo
    United States Attorney
David Pimsner
    Assistant United States Attorney
United States Attorney's Office
Phoenix, Arizona

        *Attorneys for the Plaintiff*

James Baiamonte
Albuquerque, New Mexico

        *Attorney for Defendant*