## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                            No. CR 11-1878 JB

BRIAN V. STACY,

      Defendant.

## **UNSEALED MEMORANDUM OPINION AND ORDER**[1]

**THIS MATTER** comes before the Court on the Sealed Forensic Psychological Evaluation Update for Competency, filed December 18, 2012 (Doc. 68). The Court held a hearing on March 5, 2013. The primary issue is whether Defendant Brian V. Stacy is competent to understand and appreciate the charges pending against him, and to assist his counsel in a meaningful way in his defense. Because the Forensic Evaluation of Dr. Ralph Newman, M.D., indicates that Stacy is legally competent, the Court declares him legally competent and will set this matter for trial.

## ANALYSIS

On October 12, 2011, Stacy filed his Sealed Unopposed Motion to Determine Competency (Doc. 25), moving the Court to order a local psychiatric evaluation of him to determine his competency. See Unopposed Motion to Determine Competency at 1. The Court held a hearing on

---

[1] In its Sealed Memorandum Opinion and Order, filed March 21, 2013 (Doc. 117)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information within the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties ten calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF, the Court's case management/electronic filing system, to indicate that they have any proposed redactions. Consequently, the Court is now refiling the Sealed MOO in an unsealed form.

this motion on October 20, 2011, see Clerk's Minutes, filed October 20, 2011 (Doc. 29), and on October 31, 2011, the Court granted Stacy's Sealed Unopposed Motion to Determine Competency, ordered the performance of a psychiatric competency evaluation of Stacy, and stayed further proceedings in the case until the Court entered a finding that Stacy is competent to stand trial. See Sealed Unopposed Order for Evaluation of Mental Competency, filed October 31, 2011 (Doc. 40). On December 30, 2011, the forensic psychological report regarding Stacy's competency to stand trial was filed with the Court, in which Eric Westfried, Ph.D., a clinical psychologist, concluded that Stacy was suffering from bipolar disorder with psychotic features, preventing him from being able to "rationally assist in his own defense." Forensic Psychological Competence to Stand Trial Evaluation Report at 2 (Doc. 48). On February 9, 2012, the Court issued a Sealed Memorandum Opinion and Order, in which it found Stacy incompetent to stand trial, and granted Plaintiff United States of America's request to "commit Stacy to the Attorney General's custody for further mental examination for a period not to exceed four months." Sealed Memorandum Opinion and Order at 1 (Doc. 52).

On December 18, 2012, Donna McRae, Medical Secretary for the Federal Medical Center Butner, sent to the Court the Forensic Psychological Evaluation Update for Competency. See Forensic Psychological Evaluation Update for Competency at 1. Craig Parker, the Complex Warden at FMC Butner, submits that Stacy's evaluators' opinion is that "Stacy is now competent to stand trial. He is not suffering from a mental disease or defect to the extent he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense." Forensic Psychological Evaluation Update for Competency at 3. In the Forensic Psychological Evaluation Update for Competency, Dr. Newman, along with Dr. Adeidre Stribling Riley, Ph.D., a staff psychologist,

    opine Mr. Stacy's competency has been restored and that his continued competency would be facilitated by ongoing treatment . . . . He is aware that he is charged with Threatening a United States Judge; and Threats to Injure a Person Transmitted though Interstate Communications. He is willing and able to consider the three pleas of Guilty, Not Guilty and Not Guilty by Reason of Insanity, motivated by minimizing the length of incarceration.

Forensic Psychological Evaluation Update for Competency at 14.

    At the March 5, 2013, competency hearing, the parties agreed that the Court could use Dr. Newman's and Dr. Riley's forensic evaluation as the basis for its determination of Stacy's competency to stand trial. See Transcript of the Hearing at 2:22-3:9 (Baiamonte, Court, Pimsner).[2] The parties also stipulated to Stacy's competency. See id. The Court determines by a preponderance of the evidence that Stacy is not "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

    **IT IS ORDERED** that the Court declares Defendant Brian V. Stacy is competent to understand and appreciate the charges pending against him, and to assist his counsel in a meaningful way in his defense.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcripts may contain slightly different page and/or line numbers.

*Counsel*:

John S. Leonardo
  United States Attorney
David Pimsner
  Assistant United States Attorney
United States Attorney's Office
Phoenix, Arizona

    *Attorneys for the Plaintiff*

James Baiamonte
Albuquerque, New Mexico

    *Attorney for Defendant*