IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                               No. CR 11-1878 JB

BRIAN STACY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Appointment of Counsel, filed August 20, 2014 (Doc. 161)("Motion"). Defendant Brian Stacy is serving a term of supervised release after his term of imprisonment. He was convicted at a jury trial of, among other things, threatening a United States judge, in violation of 18 U.S.C. § 115(a)(1)(B). See Jury Verdict Form, filed March 21, 2013 (Doc. 126). As Stacy states in his motion: "I deny, and have always denied, making any threat to Judge Conway." Motion at 2. Conversely, he asserts that, because the Honorable John E. Conway, former United States District Judge, is now deceased, "the threat is also dead." Motion at 2. Stacy alleges that his supervising probation officers have harassed him, and have required unnecessary urine tests, psychotropic medications, and counseling. See Motion at 1. He allegedly suffered unconstitutional conditions during incarceration, and a Federal Bureau of Investigation agent stole his laptop computer. See Motion at 1-2. The Motion asks the Court to appoint counsel to assist him in proceedings for: (i) modifying the terms of his supervision; (ii) terminating his supervised release early; (iii) requesting "the U.S. Probation Office . . . to stop harassing [him]"; and (iv) adjudicating his claims of unconstitutional conditions of confinement. Motion at 1-2. The Court will deny the

Motion.

Stacy does not have a constitutional right to counsel to pursue any of his claims. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987)("Postconviction relief is even further removed from the criminal trial than is discretionary direct review. . . . States have no obligation to provide this avenue of relief . . . and when they do, . . . the Due Process Clause does not require that [they] supply a lawyer."). A defendant does not have a constitutional right to counsel in proceedings for revocation of supervised release. See, e.g., Gagnon v. Scarpelli, 411 U.S. 778, 787 (1973)("[W]e think that the Court of Appeals erred in accepting respondent's contention that the State is under a constitutional duty to provide counsel for indigents in all probation or parole revocation cases"). In the Court's view, because revocation of supervised release often leads to a greater deprivation of liberty -- through either imprisonment or the imposition of stricter conditions of release --  than modifying the terms of or terminating supervised release, the Court concludes that a defendant does not have a constitutional right to counsel to modify the terms of or terminate his or her supervised release.

Stacy's remaining civil claims -- his request that "the U.S. Probation Office . . . stop harassing [him]" and his allegation of having previously suffered from unconstitutional conditions of confinement when he was imprisoned -- similarly do not give rise to a constitutional right to counsel. The United States Court of Appeals for the Tenth Circuit has held that "the right to counsel in a civil case is not a matter of constitutional right." MacCuish v. United States, 844 F.2d 733, 735 (10th Cir. 1988)(citation omitted)(internal quotation marks omitted). The Tenth Circuit has applied this holding to prisoners bringing § 1983 actions. See, e.g., Bishop v. Romer, Nos. 98-1294, 98-1296, 1999 WL 46688, at *3 (10th Cir. Feb. 3,

1999)(unpublished opinion).[1]  See also Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)(holding that "[a] civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel").  Consequently, Stacy has no right to counsel for his civil claims.

**IT IS ORDERED** that Defendant Brian Stacy's Motion for Appointment of Counsel, filed August 20, 2014 (Doc. 161), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

John S. Leonardo
  United States Attorney
David Pimsner
  Assistant United States Attorney
United States Attorney's Office
Phoenix, Arizona

   *Attorneys for the Plaintiff*

---

[1]Bishop v. Romer is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Bishop v. Romer has persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

Brian V. Stacy
Albuquerque, New Mexico

>    *Defendant pro se*